# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SPOTLESS BINS GEORGIA, LLC

     Plaintiff,

                               Case No.:

v.                             COMPLAINT

SPARKLING BINS, LLC,        Judge
SPIFFY BIN, LLC, MICHAEL
WALKER, as corporate officer of
SPIFFY BIN, LLC, & JOHN CONWAY,
 as corporate officer of SPARKLING
BINS, LLC,

     Defendants.

## COMPLAINT FOR DAMAGES

PLAINTIFF, SPOTLESS BINS GEORGIA, LLC, by and through counsel hereby files this Complaint for damages against the following said parties, SPARKLING BINS, LLC, SPIFFY BIN, LLC, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, and MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, alleging as follows:

### NATURE OF ACTION

1.    This is an action for civil liability regarding restraint of trade violations under 15 USCS §1 regarding the business practices of the Defendants preventing the Plaintiff from entering the market of garbage bin cleaning, trover for failing to

deliver paid for garbage bin cleaning truck per the contract, tortious interference with business relations from SPIFFY BIN, LLC regarding the services to be provided to the scheduled clients of the Plaintiff, tortious interference with a contract by SPIFFY BIN, LLC, breach of contract from the Defendant, SPARKLING BINS, LLC, for failure to provide the purchased product per the contract, deprivation of possession of personalty for failing to return the chassis with the garbage bin cleaning apparatus per the terms of the contract between the Plaintiff and Defendant, SPARKLING BINS, LLC, and officer, shareholder, agent 15 USCS §24 liability for the actions of the corporate officers JOHN CONWAY of SPARKLING BINS, LLC and MICHAEL WALKER of SPIFFY BIN, LLC.

2.     Plaintiff is seeking recission of the contract between the Plaintiff and the Defendant, SPARKLING BINS, LLC, and monetary damages from the Defendants regarding the results of their tortious behavior regarding the Plaintiff's entrance into the garbage bin cleaning service, attorney's fees, court costs and fees, and any and all other relief this Court deems proper and just considering the actions of the Defendants.

## THE PARTIES

3.     The Plaintiff is a limited liability company entity properly organized in the state of Georgia.

4.      Defendant, SPARKLING BINS, LLC, is a Florida organized entity with regular business customers within the state of Georgia. SPARKLING BINS, LLC, has a principal place of business in Doral, FL and supplies garbage cleaning apparatus and other business services to garbage bin cleaning businesses.

5.      Defendant, JOHN CONWAY, is the Chief Executive Officer of SPARKLING BINS, LLC and the main contact and officer responsible for the antitrust violations against the Plaintiff.

6.      Defendant, SPIFFY BIN, LLC, is a garbage bin cleaning business organized in the state of Georgia with a principal place of business in Suwanee, GA. SPIFFY BIN, LLC, through its agent, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, conspired with SPARKLING BINS, LLC, through its agent, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, to prevent the Plaintiff from servicing clients within particular zip codes in GA.

7.      Defendant, MICHAEL WALKER, is the owner of SPIFFY BIN, LLC and the main contact and individual responsible for the antitrust violations against the Plaintiff.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the commerce and trade violations under 15 USCS §1 and 15 USCS §24.

9.    The trover, breach of contract, tortious interference with business relations, deprivation of possession to personalty, and tortious interference with a business contract falls within this Court's jurisdiction due to complete preemption of the federal causes of action under 15 USCS §1.

10.    The amount in controversy exceeds the required threshold of $75,000.00 USD.

11.    This Court has personal jurisdiction over SPARKLING BINS, LLC and JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, through Georgia's statutory long-arm jurisdiction statute based on the tortious injury occurring in this state caused by actions outside this state through persistent course of conduct and derivation of substantial revenue from goods derived from Florida.

12.    This Court has personal jurisdiction over SPIFFY BIN, LLC due to the limited liability company's domiciliation within this district.

13.    This Court has personal jurisdiction over MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, due to the Defendant's domiciliation in the state of Georgia.

14.    Venue is appropriate within this district as a substantial part of the events giving rise to the claim occurred within the Atlanta division of the Northern District of Georgia.

FACTS

15.    The Plaintiff, SPOTLESS BINS GEORGIA, LLC, was organized in August of 2022 for the purpose of supplying garbage bin cleaning services to metro Atlanta area residents.

16.    To efficiently supply the garbage cleaning service, a business must have a garbage bin cleaning apparatus installed on to a truck chassis that regularly drives to its customers to clean their garbage bins.

17.    The peak service season for garbage bin cleaning services begins in March and ends around August.

18.    The owner of SPOTLESS BINS, LLC found the Defendant, SPARKLING BINS, LLC, in August of 2022 and began negotiations via text to order a garbage bin cleaning unit from the Defendant.

19.    The Defendant, SPARKLING BINS, LLC, a Florida organized entity, regularly supplies garbage bin cleaning units and garbage bin cleaning business services to businesses within metro Atlanta, Georgia.  One of those businesses being the Defendant, SPIFFY BIN, LLC.

20.    The Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, is the Chief Executive Officer of SPARKLING BINS, LLC and the officer authorizing and ordering his employees regarding the actions against the Plaintiff.

21.    The Defendant SPIFFY BIN, LLC, is a Georgia organized limited liability company that has supplied garbage bin cleaning services to northeast metro Atlanta, GA residents in the upper northeast region of metro Atlanta, GA since February of 2019.

22.    MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, is the individual conducting and perpetuating the furthering of SPIFFY BIN, LLC business and interacting with the Defendants, SPARKLING BINS, LLC and JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC.

23.    The Defendant, SPIFFY BIN, LLC, has three trucks assembled by the Defendant, SPARKLING BINS, LLC, currently in use.

24.    The Defendant, SPARKLING BINS, LLC, is not an entity that franchises garbage bin cleaning services; they only supply the garbage bin cleaning unit, the installation of that garbage bin cleaning unit onto a provided truck chassis, and business services for the servicing of clients of the garbage bin cleaning business.

25.    In text messages between an employee of SPARKLING BINS, LLC and the Plaintiff, the Defendant, SPARKLING BINS, LLC, requested which areas that the Plaintiff desired to service clients.  Ex. A.

26.    The Plaintiff informed an employee of the Defendant, SPARKLING BINS, LLC, via text message that the Plaintiff aspired to service four different zip codes,

30087, 30054, 30067, and 30097, with aspirations of building enough clientele for five (5) trucks in the metro Atlanta, GA area in the future.  Ex. A.

27.     In response to the zip codes provided, the Defendant's, SPARKLING BINS, LLC, employee stated that there were two other garbage bin cleaning service businesses in that area, including the Defendant, SPIFFY BIN, LLC, though there should not be an issue regarding servicing of clients in the Plaintiff's area.  Ex. A.

28.     Based on the information provided by the Plaintiff through text messages, a contract was entered into by the Plaintiff and the Defendant, SPARKLING BINS, LLC, for one cleaning unit to be installed on a provided truck chassis and other business start-up services that include but are not limited to, training for operation of the garbage bin cleaning unit, a website created through an independent contractor of the Defendant, SPARKLING BINS, LLC, website hosting services for one year, and graphics to be applied on the garbage bin cleaning unit.  Ex. B.

29.     The total amount for services and goods supplied was $92,853.35USD.  Ex. B.

30.     The full amount for the services and goods was paid to the Defendant, SPARKLING BINS, LLC, on November 14, 2022.  Ex. B.

31.     The normal turnaround time for the installation of the garbage bin cleaning unit onto a truck chassis is four (4) to eight (8) weeks.

32.    The Plaintiff was able to find a truck chassis in Florida on or around January 4, 2023 and shipped the truck to the Defendant, SPARKLING BINS, LLC, for installation of the garbage bin cleaning unit.  Ex. C.

33.    Plaintiff secured an office location, had signs made and posted within its desired community, purchased truck insurance, and office equipment and supplies to be prepared to properly service the secured clientele of the Plaintiff upon the delivery of the garbage bin cleaning unit from the Defendant, SPARKLING BINS, LLC.

34.    While the garbage bin cleaning unit was being installed, the Plaintiff set out and secured residents for garbage bin cleaning services amounting to revenue estimated at $130,000.00USD.

35.    PLAINTIFF also obtained commercial contracts amounting to over $480,000.00USD for garbage bin cleaning services.

36.    The Plaintiff was informed on March 21, 2023 that the garbage bin cleaning unit was ready for service and delivery.

37.    The Plaintiff's owner scheduled the garbage bin cleaning unit training for the 3rd of April 2023.

38.    On March 27, 2023, the Plaintiff received a phone call from the Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, that he was seizing the truck and would not send the Plaintiff the completed garbage bin cleaning

unit with the current graphics on the unit that included the cities the Plaintiff desired to service.

39.    In an email message sent April 6, 2023, the Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, stated that the zip codes to be serviced by the Plaintiff belonged to the Defendant, SPIFFY BIN, LLC, and had he known that the Plaintiff would be servicing residents in that area, he would not have entered into a contract with the Plaintiff.  Ex. D.

40.    The Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, did not even want the Plaintiff to park the garbage bin cleaning unit at the Plaintiff's owner's home address or office address because the owner's home address and office address were within the Defendant's, SPIFFY BIN, LLC's, territory.

41.    The email message from the Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, specifically stated that those areas were "Mike's territory"[1], and he would only ship the cleaning unit upon the Plaintiff's agreement to change servicing locations and to agree to the removal of the cities currently affixed to the cleaning unit.  Ex. D.

---

[1] The reference to "Mike's territory" is to the Defendant, MICHAEL WALKER, as corporate officer of.  Mike is a common shortened name, or nickname, for individuals named Michael.

42.     On March 28, 2023, a text conversation was completed between the parties for the Plaintiff to speak with the Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, regarding the subject zip codes protected for the Defendant, SPIFFY BIN, LLC.

43.     The Plaintiff and the Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, did speak via telephone, where the Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, confirmed that there was an agreement between the Defendants that certain areas of northeast metro Atlanta, GA were protected for the Defendants, SPIFFY BIN, LLC and MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, against any other business attempting to enter the garbage bin cleaning business within the Defendants', SPIFFY BIN, LLC and MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, areas where ever they intend to grow.

44.     On April 19, 2023, the Plaintiff returned the email sent April 6, 2023 and said that he never agreed to territory restrictions, does not agree to them now, and requested a refund of the amounts paid for the garbage bin cleaning unit and return of the truck chassis.

45.     Between April 6 and June 12, 2023, conversations between the Plaintiff and the Defendants, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, and SPARKLING BINS, LLC, were conducted regarding the subject contract.

46.    The next email conversation recorded between the parties was on June 12, 2023 in which the Plaintiff requested that he receive a full refund for the services and goods paid for and for compensation for the truck chassis delivered to the Defendant, SPARKLING BINS, LLC, as the truck chassis could not be returned in its original condition; an amount totaling $167,602.21USD.  Ex. E.

47.    In conversation with SPARKLING BINS, LLC, a request for mode of transportation was submitted from the Defendant, SPARKLING BINS, LLC, though the invoice shows that a $1500.00USD credit for transportation costs was paid by the Plaintiff at the outset of the contract.  SPARKLING BINS, LLC also has had Plaintiff's office address since the outset of the contract.

48.    Due to the actions of the Defendants, the Plaintiff has suffered significant loss regarding the subject transactions.

49.    To date, not only has the Plaintiff not been able to service its residential clientele, two of its commercial contracts have been cancelled due to the Plaintiff not being in possession of the truck to meet its obligations under the commercial contracts: an amount totaling $480,000.00USD per year.

50.    During the pendency of the actions by the Defendants, the Plaintiff has missed an entire peak season for garbage bin cleaning services to the Plaintiff's scheduled residents for service and two commercial contracts for garbage bin cleaning services.

51.     The Plaintiff has lost out on the peak entire garbage bin cleaning season for 2023 in which residents were expecting garbage bin cleaning services from the Plaintiff, lost two commercial contracts for garbage bin cleaning services, loss of goodwill regarding the reputation of the Plaintiff within its community, and due to the actions of the Defendants, the Plaintiff is struggling to meet its business obligations due to the inability to earn money through the servicing of residents that were expecting service from the Plaintiff.

FIRST CAUSE OF ACTION – ILLEGAL RESTRAINT OF TRADE THROUGH CONSPIRACY, 15 USCS §1

52.     The Plaintiff realleges an incorporates through reference its allegations in Paragraphs 15 through 51.

53.     Plaintiff and Defendant, SPARKLING BINS, LLC, did enter into a contract where the Defendant would supply services and goods for the Plaintiff to enter the garbage bin cleaning business in metro Atlanta, GA.

54.     The Plaintiff had residents scheduled to complete garbage bin cleaning services for the peak garbage bin cleaning service season totaling an estimated $130,000.00USD and at least two commercial contracts for garbage bin cleaning services worth over $480,000.00USD per year.

55.     After the purchased garbage bin cleaning unit was prepared for delivery to the Plaintiff, the Defendant, SPARKLING BINS, LLC, through the actions of the

Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, determined not to send the garbage bin cleaning unit to the Plaintiff based on an agreement between the Defendants regarding servicing areas for the Defendant, SPIFFY BIN, LLC.

56.     The Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, through communication with Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, marked off territory within northeast metro Atlanta, GA where only the Defendant, SPIFFY BIN, LLC, would service residents with garbage bin cleaning services.

57.     The Plaintiff would only be able to enter this particular trade area by agreeing not to service residents already in the areas protected by the Defendants, SPARKLING BINS, LLC and JOHN CONWAY, as corporate officer for SPARKLING BINS, LLC, for the Defendants, SPIFFY BIN, LLC and MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, as the areas to be serviced by the Plaintiff were "Mike's territory".

58.     The actions of the Defendants monopolizing certain areas within metro Atlanta, GA for the benefit of the Defendant, SPIFFY BIN, LLC, suppresses competition within certain areas within Metro Atlanta, GA, and prejudices public interest by unreasonably restraining trade or commerce.

59.     As the Plaintiff has been restricted from entering the northeast metro Atlanta, GA area for garbage bin cleaning services to residents scheduled to be serviced by the Plaintiff based on the actions of the Defendants, a restriction of trade has occurred by the Defendants.

60.     Due to the Defendants violation of 15 USCS §1, 15 USCS §15 orders statutory liability of three-fold damages regarding the actions of the Defendants, attorney's fees, and court costs and fees to be ordered by this Court.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

61.     Plaintiff realleges and incorporates by reference its allegations in Paragraphs 15 though 51.

62.     Plaintiff and Defendant, SPARKLING BINS, LLC, mutually assented for the Defendant, SPARKLING BINS, LLC, to provide the garbage bin cleaning unit, install the garbage cleaning unit onto a provided truck chassis, and provide other business services to include but are not limited to a website, website hosting for one year, and training for the operation of the garbage bin cleaning truck.

63.     Plaintiff paid the fee for the products and services offered by the Defendant, SPARKLING BINS, LLC, and the fee was accepted by the Defendant, SPARKLING BINS, LLC on November 14, 2022.

64.     The Defendant, SPARKLING BINS, LLC, decided on March 27, 2023 that the truck completed would not be returned to the Plaintiff as contracted.

65.     The Defendant's, SPARKLING BINS, LLC, actions are contrary to the terms of the agreement between the parties.

66.     The Defendant, SPARKLING BINS, LLC, has failed to complete their obligations under the contract between the parties.

67.     Due to the Defendant's, SPARKLING BINS, LLC, actions, the Plaintiff has suffered significant loss in its business of an amount exceeding $167,602.21 USD, with further damages to be determined by this Court.

THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH
BUSINESS RELATIONS

68.     Plaintiff realleges and incorporates by reference its allegations in Paragraphs 15 through 51.

69.     Plaintiff and Defendant, SPARKLING BINS, LLC, were completing the obligations under a valid contract regarding the Plaintiff's garbage bin cleaning service on March 21, 2023.

70.     During this time, Plaintiff secured clientele for garbage bin cleaning services in the northeast metro Atlanta, GA area amounting to around $130,000.00 USD for the entire 2023 peak garbage bin cleaning season.

71.     Plaintiff also secured at least two contracts with commercial clients worth over $480,000.00 USD per year for garbage bin cleaning services.

72.    The Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, did act improperly by interfering with the Plaintiff's servicing of its clientele by enforcing a particular area of northeast metro Atlanta, GA for his business through actions with the Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, by not returning a paid for and completely constructed garbage bin cleaning unit created by the Defendant, SPARKLING BINS, LLC.

73.    The Defendant, SPIFFY BIN, LLC, purposefully worked to ensure that the Plaintiff could not enter a particular market area of northeast metro Atlanta, GA where the Plaintiff already had residents scheduled to be serviced with the knowledge of the Plaintiff's rights, intentionally interfering with them.

74.    The Defendant, SPIFFY BIN, LLC, prevented the Plaintiff from servicing scheduled clientele within the Defendant's, SPIFFY BIN, LLC, area by inducing the Defendants, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC and SPARKLING BINS, LLC, to not provide the completed garbage bin cleaning truck to the Plaintiff per the terms of the contract.

75.    Due to the Defendant, SPIFFY BINS, LLC, interaction with the Defendants, SPARKLING BINS, LLC and JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, the Plaintiff has lost the two commercial contracts for garbage bin cleaning services.

76.     Due to the actions of the Defendant, SPIFFY BIN, LLC, the Plaintiff has lost out on an estimated $610,000.00USD of business and caused severe financial injury to the Plaintiff.

77.     Based on the actions of the Defendant, SPIFFY BIN, LLC, the Plaintiff should be awarded damages of at least $610,000.00USD, with further damages to be determined by this Court.

FOURTH CAUSE OF ACTION – DEPRIVATION OF POSSESSION TO PERSONALTY

78.     The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 15 through 51.

79.     Plaintiff contracted with Defendant, SPARKLING BINS, LLC, to provide a completed garbage bin cleaning truck to the Plaintiff.

80.     Plaintiff paid the fee for the garbage bin cleaning unit and delivered the truck chassis in which the garbage bin cleaning unit would be affixed to the truck chassis by the Defendant, SPARKLING BINS, LLC in January of 2023.

81.     After full payment for the product and services, Defendant, SPARKLING BINS, LLC, was to return the completed garbage bin cleaning unit to the Plaintiff in March of 2023.

82.    In March of 2023, Defendant, SPARKLING BINS, LLC, informed the Plaintiff that the garbage bin cleaning truck would not be returned to the Plaintiff per the terms of the contract.

83.    At the time of the assertion by the Defendant, SPARKLING BINS, LLC, the garbage bin cleaning unit was in the possession of the Defendant, SPARKLING BINS, LLC.

84.    As of the filing of this Complaint for Damages, the garbage bin cleaning unit is still in the possession of the Defendant, SPARKLING BINS, LLC.

85.    Due to the actions of the Defendant, the Plaintiff has suffered business losses monetarily and in business reputation and goodwill amounting to over $924,024.21 USD, with further damages to be determined by this court.

FIFTH CAUSE OF ACTION - TROVER

86.    Plaintiff realleges and incorporates by reference its allegations in Paragraphs 15 through 51.

87.    Plaintiff entered into a contract with the Defendant, SPARKLING BINS, LLC, to supply and install a garbage bin cleaning unit onto a truck chassis for the Plaintiff's garbage bin cleaning service.

88.    Plaintiff delivered a purchased truck chassis to the Defendant, SPARKLING BINS, LLC, in January of 2023 for installation of the garbage bin cleaning unit onto the provided truck chassis.

18

89.    Plaintiff holds the current title to the truck chassis.  Ex. F.

90.    On March 27, 2023, the Defendant, SPARKLING BINS, LLC, said that the garbage bin cleaning unit, which includes the Plaintiff's purchased truck chassis, would not be delivered to the Plaintiff per the terms of the contract.

91.    On April 19, 2023, Plaintiff requested a refund of the amount paid for the garbage bin cleaning unit and installation service and return of the truck chassis in its original condition.

92.    On June 12, 2023, Plaintiff requested a refund of the monies paid to the Defendant and the amount paid for the truck chassis due to the inability of the Defendant, SPARKLING BINS, LLC, to return the truck chassis in its original condition.

93.    As of the date of the filing of this Complaint for Damages, the Defendant, SPARKLING BINS, LLC, has failed to return the completed garbage cleaning unit per the terms of the contract with the attached truck chassis to the Plaintiff or refund the monies paid for the garbage bin cleaning unit and installation of the garbage bin cleaning unit and compensation for the provided truck chassis.

94.    Due to the actions of the Defendant, SPARKLING BINS, LLC, the Plaintiff has suffered damages exceeding $167,602.21 USD, with additional damages to be determined by this court.

SIXTH CAUSE OF ACTION – TORTIOUS INTEREFERENCE WITH A
CONTRACT

95.     Plaintiff realleges and incorporates by reference its allegations in Paragraphs
15 through 51.

96.     Plaintiff and Defendant, SPARKLING BINS, LLC, entered into a contract
where the Defendant, SPARKLING BINS, LLC, would supply a completed garbage
bin cleaning truck to the Plaintiff for garbage bin cleaning services.

97.     Plaintiff paid for the goods and services and Defendant, SPARKLING BINS,
LLC, began the installation process.

98.     Defendant, SPARKLING BINS, LLC, set out to deliver the completed
garbage bin cleaning truck to the Plaintiff on March 27, 2023 per the terms of the
agreement.

99.     Between March 21, 2023 and March 27, 2023, the Defendant, MICHAEL
WALKER, as corporate officer of SPIFFY BIN, LLC, influenced the Defendant,
JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, so much so
that that the Defendant, SPARKLING BINS, LLC, decided not to complete its
obligations under the contract.

100.    Without a truck for the Plaintiff to service its scheduled clients, the Plaintiff
was unable to meet the demand secured while the truck was being built.

101.   The Defendant, SPIFFY BIN, LLC, actions were purposeful to prevent the Plaintiff from servicing residents within his area referred to by the Defendant, SPARKLING BINS, LLC, as "Mike's territory".

102.   Under the influence of the Defendant, SPIFFY BIN, LLC, the Defendant, SPARKLING BINS, LLC, did not deliver the truck as completed to the Plaintiff per the terms of the contract.

103.   Based on the actions of the Defendant, SPIFFY BIN, LLC, the Plaintiff has suffered significant loss amounting to over $162,957.35.00USD, with further damages to be determined by this court.

SEVENTH CAUSE OF ACTION – INDIVIDUAL DIRECTOR, SHAREHOLDER, AGENT 15 USCS §24 LIABILITY

104.   Plaintiff realleges and incorporates by reference its allegations in Paragraphs 15 through 51.

105.   The Defendant, JOHN CONWAY, corporate officer of SPARKLING BINS, LLC, is the Chief Executive Officer of the Defendant, SPARKLING BINS, LLC.

106.   The Defendant, JOHN CONWAY, corporate officer of SPARKLING BINS, LLC, is the main point of contact regarding the actions between the Plaintiff and the Defendants.

107.   Through the Defendant's, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, actions, he knowingly took part in effecting the illegal

contract and or combination of contract and conspiracy by preventing the Plaintiff from entering the garbage bin cleaning service in the northeast metro Atlanta, GA area.

108. The Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, perpetuated the antitrust violations by facilitating the holding of the Plaintiff's completed garbage bin cleaning truck in Florida preventing the Plaintiff from servicing scheduled clients in northeast metro Atlanta, GA per the agreement between he and the Defendants, SPIFFY BIN, LLC and MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC.

109. Due to the actions of the Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, the Plaintiff was significantly harmed and damages to be determined by this court were accumulated.

EIGHTH CAUSE OF ACTION – INDIVIDUAL DIRECTOR, SHAREHOLDER,

AGENT 15 USCS §24 LIABILITY

110. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 15 through 51.

111. The Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, is a high-ranking agent of SPIFFY BIN, LLC.

112. The Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, is the main individual working with the Defendant, JOHN CONWAY, as

corporate officer of SPARKLING BINS, LLC, to prevent the Plaintiff from entering the garbage bin cleaning service within the northeast metro Atlanta, GA area.

113.   Through his actions as a high-ranking agent of SPIFFY BIN, LLC, the Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, conspired with the Defendants, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, and SPARKLING BINS, LLC, to enforce an agreement to prevent any other garbage bin cleaning businesses from entering the northeast metro Atlanta, GA area demarked by the Defendants as "Mike's territory" and any other area that his company, SPIFFY BIN, LLC, desired to grow.

114.   Through his agreement with the Defendants, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, and SPARKLING BINS, LLC, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, prevented the Plaintiff from entering the garbage bin cleaning service in the northeast metro Atlanta, GA area by enforcing an agreement between the Defendants by keeping the Plaintiff's garbage bin cleaning unit in Florida as opposed to delivering the truck to the Plaintiff for the servicing of the Plaintiff's clients.

115.   The Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, was the individual that perpetuated the crime by reminding the Defendant, JOHN CONWAY, as corporate officer of SPARKLING BINS, LLC, of their

agreement and of his (MICHAEL WALKER's) desire to maintain the agreement between the Defendants.

116.   Based on the actions of the Defendant, MICHAEL WALKER, as corporate officer of SPIFFY BIN, LLC, the Plaintiff was significantly harmed to an extent that can further be determined by this court.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants granting the Plaintiff the following relief:

1. Judgment from this court determining that the Defendants are liable jointly and severally for all causes of action against them.

2. Damages exceeding $924,402.21 USD due to their actions against the Plaintiff.

3. Treble damages for violations of 15 USCS §1 in accordance with 15 USCS §15,

4. Punitive damages for the tortious actions against the Plaintiff,

5. An award of attorney's fees and court costs that have resulted from the Defendants' behaviors, and

6. Any and all other relief this court deems appropriate and just to properly remedy the harm inflicted by the Defendants on the Plaintiff.

This 18th day of July 2023.

_____
Dominique Young, Esq., LL.M.

GA Bar Number: 890409
Dominique Young Law, P.C.
260 Peachtree St. NW,
Suite 2200,
Atlanta, GA 30303
(p) 866-823-9572
(f) 470-735-4323
attorney@dominiqueyounglaw.com

Counsel for Plaintiff,
Spotless Bins Georgia, LLC